UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICHOLAS D. PARTRIDGE

                Plaintiff,

        -against-

JUDGE ANDREA MASLEY,

                Defendant.

22-CV-3206 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated May 24, 2022, the Court dismissed Plaintiff's complaint under the doctrine of judicial immunity, 28 U.S.C. § 1915(e)(2)(B)(iii) and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i), and as prohibited by the Anti-Injunction Act. (ECF No. 5.) On July 19, 2022, just two days before Plaintiff's time to appeal had expired, Plaintiff filed a motion requesting an extension of time of file a notice of appeal. (ECF No. 7.)

      Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a civil case must be filed within 30 days after entry of judgment. Rule 4(a)(1)(B)(ii) of the Federal Rules of Appellate Procedure requires that, if one of the parties is a United States agency, a notice of appeal in a civil case may be filed within 60 days after entry of the judgment. *See* Fed. R. App. P. 4(a)(1)(B)(ii). "[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." *In re WorldCom, Inc.*, 708 F.3d 327, 329 (2d Cir. 2013) (citation and internal quotation marks omitted). The district court may extend the time to file a notice of appeal, however, if the motion is filed within thirty days of the expiration of the time to file notice of appeal, and if the moving party shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

      Plaintiff's motion dated July 12, 2022, was filed with the court on July 19, 2022, and entered on the Court's docket on July 21, 2022. Because the motion was timely filed, the Court

has authority to extend the time to appeal. See *Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998) (*per curiam*) (holding that the Court "lacks jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30–day 'grace period.'"). In his motion, Plaintiff indicates that he "[d]on't have money at this time." (ECF No. 7) Accordingly, for good cause shown, Plaintiff's motion is granted.

## CONCLUSION

Plaintiff's request for an extension of time to file a notice of appeal (ECF No. 7) is granted. Plaintiff is directed to file a notice of appeal within 14 days of the date of this order. No further extension will be granted. *See* Fed. R. App. P. 4(a)(5)(C).[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 21, 2022
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge

---

[1] If Plaintiff is not able to pay the filing fees within 14 days of this order, he may seek permission in the United States Court of Appeals for the Second Circuit, to proceed *in forma pauperis* on appeal.